IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | § | |
|---|---|---|
| WILLIAM J. ORTON, JR., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-15-25 |
| | § | |
| MICHAEL PINES AND THE LAW | § | |
| OFFICES OF MICHAEL PINES, APC, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Counsel for the plaintiff has asked for an expedited hearing on the Anti-SLAPP motion. Although aspects of the Texas and California anti-SLAPP statutes are substantive, the hearing requirement is procedural and does not bind federal courts. *See Charalambopoulos v. Grammer*, No. 3:14-cv-2424-D, 2015 WL 390664, at *28 (N.D. Tex. Jan. 29, 2015) (denying movant's request for a hearing under TEX. CIV. PRAC. & REM. CODE § 27.004 because "the requirement of a hearing is procedural and not binding on this court"); *Shinde v. Nithyananda Foundation*, No. EDCV 13-0363 JGB (SPx), 2013 WL 1953707, at *1 (C.D. Cal. May 10, 2013) (finding several matters, including the defendants' motions to strike under California's anti-SLAPP statute, "appropriate for resolution without a hearing"); *see also* FED. R. CIV. P. 78(b) (providing for "submitting and determining motions on the briefs").

Even if these requirements do apply in federal courts, this court's docket conditions require a later hearing. *See* CAL. CODE CIV. P. § 425.16(f) (requiring "a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing" (emphasis

1

added)); *see also* TEX. CIV. PRAC. & REM. CODE § 27.004(a) (same exception to 60-day hearing requirement).

The request for an expedited hearing is denied at this time.

SIGNED on April 10, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge